1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   JOSEPH R. LORDAN, SB# 265610
2    Email: Joseph.Lordan@lewisbrisbois.com
   VINCENT R. FISHER, SB# 276334
3    Email: Vincent.Fisher@lewisbrisbois.com
   BO KYUNG KIM, SB# 326429
4    Email: BoKyung.Kim@lewisbrisbois.com
   333 Bush Street, Suite 1100
5  San Francisco, California 94104-2872
   Telephone: 415.362.2580
6  Facsimile:  415.434.0882

7  Attorneys for Defendant DECKER ELECTRIC CO., INC., ELECTRICAL CONTRACTORS

8                     UNITED STATES DISTRICT COURT

9        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10

| | |
|---|---|
| 11  JUAN CHAVEZ, individually, and on behalf of Aggrieved Employees pursuant to the Private Attorney General Act ("PAGA"), | Case No. |
| 12 | **DEFENDANT DECKER ELECTRIC CO., INC., ELECTRICAL CONTRACTORS' NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1441(a), 1446, AND 1367(a)** |
| 13                     Plaintiff, | |
| 14          vs. | |
| 15  DECKER      ELECTRIC      CO.,      INC., ELECTRICAL CONTRACTORS, a California corporation; and DOES 1 through 100, inclusive, | **[FEDERAL  QUESTION  JURISDICTION]** |
| 16 | |
| 17                     Defendants. | |

18

19       TO  THE  CLERK  OF  THE  UNITED  STATES  DISTRICT  COURT  FOR  THE

20  NORTHERN DISTRICT OF CALIFORNIA:

21       PLEASE TAKE NOTICE that on August 15, 2022, Defendant DECKER ELECTRIC CO.,

22  INC., ELECTRICAL CONTRACTORS, ("Defendant" and/or "Decker Electric"), files this Notice of

23  removal on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441(a), 1446,

24  and 1367(a) as follows:

25                     **COMPLAINT AND TIMELINESS OF REMOVAL**

26       1.     On June 24, 2022, Plaintiff Juan Chavez, individually, and on behalf of aggrieved

27  employees pursuant to the Labor Code Private Attorneys General Act ("PAGA"), Cal. Lab. Code §

28  2698, *et. seq.*, ("Plaintiff"), by and through his attorneys of record, filed a civil action in the Superior

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    Court of the State of California in and for the County of San Francisco, entitled *Juan Chavez,*
2    *individually, and on behalf of aggrieved employee pursuant to the Private Attorney General Act*
3    *("PAGA") v. Decker Electric Co., Inc., Electrical Contractors, a California corporation; and Does 1-100,*
4    *inclusive*, San Francisco County Superior Court Case No. CGC-22-600391. A true and correct copy
5    of the Summons and Complaint and Proof of Service of Summons and Complaint are attached as
6    **Exhibit A.**

7        2.     On June 6, 2022, Plaintiff served Defendant with a copy of the Summons and
8    Complaint, *via substitute service*, under Cal. Code Civ. Proc. § 415.20(a). Pursuant to Cal. Code Civ.
9    Proc. § 415.20(a), service of a summons in this manner is deemed complete on the **10th day after**
10    **the mailing**.

11        3.     This Notice of Removal is filed within the thirty (30) day time limit for removal set
12    forth in 28 U.S.C. § 1446(b)(3).

13    **VENUE**

14        4.     The Superior Court of the State of California, County of San Francisco, is within the
15    United States District Court for the Northern District of California. Thus, pursuant to 28 U.S.C. §§
16    84 and 1441(a), venue in the United States District Court for the Northern District of California is
17    proper.

18    **FACTUAL BACKGROUND**

19        5.     Plaintiff Chavez alleges he worked for Decker Electric as "an hourly-paid non-
20    exempt Replenishment Associate … until or around January of 2022." Exh. A ¶ 16; LWDA Letter,
21    p. 1 (via paragraph 16, Plaintiff incorporated his LWDA into the pleading).

22        6.     Plaintiff pursues a claim for PAGA civil penalties "on a representative basis" on
23    behalf of "aggrieved employees," which he defines as "all current and former hourly-paid or non-
24    exempt employees (whether hired directly or through a staffing agency) of [Decker Electric] within
25    the State of California" ("Aggrieved Employees"). Exh. A ¶ 16; LWDA Letter, p. 1.

26        7.     The scope of Plaintiff's lawsuit encompasses "all the aggrieved employees at
27    [Decker Electric] regardless of their classification, job title, location, or whether they were hired
28    directly or through a staffing agency." Exh. A ¶ 16; LWDA Letter, p. 2.    Confirming that there is

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4865-7717-0990.2                                          2
DEFENDANT DECKER ELECTRIC CO., INC., ELECTRONIC CONTRACTORS' NOTICE OF REMOVAL TO
FEDERAL COURT

no distinction amongst current and former hourly-paid or non-exempt employees of Decker Electric, Plaintiff seeks to vindicate "the rights of all employees" who worked at Decker for each of the claims presented, Exh. A ¶ 3; Plaintiff describes himself as among the alleged Aggrieved Employees, *see, e.g.,* Exh. A ¶ 17 ("Plaintiff and the other hourly-paid or non-exempt employees …").

8.       The alleged Labor Code violations underpinning Plaintiff's PAGA claims on behalf of Decker Electric's non-exempt workforce are (1) Failure to pay minimum wages and overtime wages; (2) Failure to pay sick pay; (3) Failure to provide meal periods and meal breaks; (4) Failure to timely pay wages during employment; (5) Failure to pay all wages upon termination; (6) Failure to Provide Complete and Accurate Wage Statements; (7) Failure to provide paid sick days; (8) Failure to reimburse business expenses. Exh. A ¶¶ 18–33.

9.       Plaintiff seeks a remedy in the form of civil penalties and attorneys' fees for "each aggrieved employee." *See, e.g.,* Exh. A ¶ 35.

10.      The period of time Plaintiff has placed in controversy is December 7, 2020, to the present (the "PAGA Period"). Exh. A ¶ 17.

11.      Approximately over ninety-percent of Decker Electric's current and former hourly-paid or non-exempt employees in California during the PAGA Period are or were members of and represented by labor organizations, and these employees' employment is governed by various collective bargaining agreements. (Boas Decl., ¶ 4.)

12.      These labor organizations include: (1) Local Union 6 International Brotherhood of Electrical Workers, San Francisco, California(the "Local 6"): (2) Local Union 595, International Brotherhood of Electrical Workers ("Local 595"); (3) Local Union 617 International Brotherhood of Electrical Workers AFL-CIO ("Local 617"); and (4) Local Union 332 International Brotherhood of Electrical Workers  ("Local 332").   (Boas Decl., ¶ 5.)

13.      **Local Union 6:**  For alleged Aggrieved Employees who are Local 6 members, their current and former employments are or were subject to a collective bargaining agreement, the current version of which became effective on  June 1, 2018, and is effective until May 31, 2022. (Boas Decl., ¶ 6.)

DEFENDANT DECKER ELECTRIC CO., INC., ELECTRONIC CONTRACTORS' NOTICE OF REMOVAL TO FEDERAL COURT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

a.  The Local 6 collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of employees. (Boas Decl., ¶ 7.) It further expressly provides for meal periods for those employees and provides paid meal periods outside of unpaid 30-minute meal periods for shifts that exceed six-hour of work, subject to varying conditions. (Boas Decl., ¶ 8.) The agreement also provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for covered employees of not less than thirty-percent more than the state minimum wage rate (overtime provisions and wage tables showing all rates at least thirty-percent greater than the then-current California minimum wage). (Boas Decl., ¶ 9.)

14.   **Local 595:** For alleged Aggrieved Employees who are Local 595 members, their current and former employments are or were subject to a collective bargaining agreement, the current version of which became effective on  June 1, 2019, and is effective until  May 31, 2023. . (Boas Decl., ¶ 10.)

a.  The Local 595 collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of employees. (Boas Decl., ¶ 11.) It further expressly provides for meal periods for those employees and provides paid meal periods outside of unpaid 30-minute meal periods for shifts that exceed six-hour of work, subject to varying conditions. (Boas Decl., ¶ 12.) The agreement also provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for covered employees of not less than thirty-percent more than the state minimum wage rate (overtime provisions and wage tables showing all rates at least thirty-percent greater than the then-current California minimum wage). (Boas Decl., ¶ 13.)

15.   **Local 617:** For alleged Aggrieved Employees who are Local 617 members, their current and former employments are or were subject to a collective bargaining agreement, the current version of which became effective on  June 1, 2021, and is effective until  May 31, 2024. (Boas Decl., ¶ 14.)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4865-7717-0990.2                                    4
DEFENDANT DECKER ELECTRIC CO., INC., ELECTRONIC CONTRACTORS' NOTICE OF REMOVAL TO FEDERAL COURT

a. The Local 617 collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of employees. (Boas Decl., ¶ 15.) It further expressly provides for meal periods for those employees and provides paid meal periods outside of unpaid 30-minute meal periods for shifts that exceed six-hour of work, subject to varying conditions. (Boas Decl., ¶ 16.) The agreement also provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for covered employees of not less than thirty-percent more than the state minimum wage rate (overtime provisions and wage tables showing all rates at least thirty-percent greater than the then-current California minimum wage). (Boas Decl., ¶ 17.)

16. **Local 332:** For alleged Aggrieved Employees who are Local 332 members, their current and former employments are or were subject to a collective bargaining agreement, the current version of which became effective on  June 1, 2021, and is effective until  May 31, 2024. (Boas Decl.,  ¶ 18.)

a. The Local 332 collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of employees.  (Boas Decl., ¶ 19.) The agreement also provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for covered employees of not less than thirty-percent more than the state minimum wage rate (overtime provisions and wage tables showing all rates at least thirty-percent greater than the then-current California minimum wage). (Boas Decl., ¶ 20.)

### PREEMPTION UNDER 29 U.S.C. § 185

17. Plaintiff's overtime and meal period claims for are completely preempted for the alleged Aggrieved Employees, except for those who are covered by Local 332 collective bargaining agreement, by section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("Section 301") and, thus, this case may be removed pursuant to 28 U.S.C. § 1441(a). *See Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146, 1152 (2019) ("Although normally federal preemption is a defense that does not authorize removal to federal court, § 301 has such extraordinary preemptive power that it converts

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    an ordinary state common law complaint into one stating a federal claim for purposes of the well-

2    pleaded complaint rule. In other words, a civil complaint raising claims preempted by § 301 raises

3    a federal question that can be removed to federal court.") (internal citation omitted for clarity).

4                               **FEDERAL QUESTION JURISDICTION**

5        18.    As explained by the Ninth Circuit Court of Appeals in *Curtis et al. v. Irwin

6    Industries, Inc*., 913 F.3d 1146, 1149–1150 (2019), Plaintiff's "claim for overtime pay is preempted

7    for a large percentage of Plaintiff's "Aggrieved Employees," under § 301 of the Labor Management

8    Relations Act (LMRA), 29 U.S.C. § 185, because California overtime law does not apply to an

9    employee working under a qualifying collective bargaining agreement, Cal. Lab. Code § 514, and

10   [the plaintiff] worked under such an agreement." As made clear in *Curtis*, "[b]ecause [the plaintiff's]

11   right to overtime exists solely as a result of the CBA, his claim that [the employer-defendant]

12   violated overtime requirements ... is preempted under § 301." *Id*. at 1155 (internal citation omitted

13   for clarity). In addition, as set forth in Cal. Lab. Code § 512, here, Plaintiff's meal period rights flow

14   solely from the collective bargaining agreement that governed the "Aggrieved Employees"

15   employment. Plaintiff's  meal period claim is, therefore, preempted for "Aggrieved Employees," by

16   section 301 of the LMRA.

17                               **SUPPLEMENTAL JURISDICTION**

18       19.    Under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's

19   remaining claims, most of which are predicated on and related to Plaintiff's claims for alleged failure

20   to pay overtime and failure to provide meal periods, which are preempted pursuant to 29 U.S.C. §

21   185. (*See*, Exh. A ¶¶ 18–19 and 22–23.) For example, Plaintiff liability theory for unpaid minimum

22   wages, unpaid sick pay wages, failure to make timely payroll payments, waiting time penalties,

23   wage statements claims, and other claims are based on alleged off-the-clock work during meal

24   periods. Exh. A ¶ 16; LWDA Letter, pp. 2, 6 (minimum wage claims); Exh. A ¶¶ 20–21 (sick pay

25   claims); Exh. A ¶ 16; LWDA Letter, p. 4 (late payroll claim); *id.* at p. 4 (waiting time penalty

26   claims); *id.* at p. 5 (wage statement claims); *see id.* (as to other claims, e.g., Plaintiff's claim under

27   Cal. Lab. Code § 1174(d) as derivative of the alleged off-the-clock work during meal periods).

28   Further, alleged liability for waiting time penalties arising out of noncompliant rest periods is

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4865-7717-0990.2                                    6
DEFENDANT DECKER ELECTRIC CO., INC., ELECTRONIC CONTRACTORS' NOTICE OF REMOVAL TO
FEDERAL COURT

1  intertwined with the alleged liability for waiting time penalties arising out of noncompliant meal

2  periods. Exh. A ¶ 16; LWDA Letter, p. 4 (Plaintiff's Cal. Lab. Code §§ 201–204 as based on alleged

3  unpaid rest period premiums).

4       20.     In sum, Plaintiff broadly challenges the employment policies and practices at Decker

5  Electric and asserts those policies and practices violated Labor Code requirements; the core of

6  Plaintiff's dispute is that Decker Electric alleged engaged in "systemic illegal employment practices

7  resulting in violations" of the Labor Code. Exh. A ¶ 2. Plaintiff's state law causes of action are so

8  related to the federal claim so as to form part of the same case or controversy under Article III of

9  the United States Constitution. As such, supplemental jurisdiction is appropriate.

10                          **COMPLIANCE WITH STATUTORY REQUIREMENTS**

11       21.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal and a Notice to

12  Adverse Party of this Removal is being served upon Plaintiff through his attorney of record and

13  upon the Clerk of the Superior Court for the State of California, County of San Francisco.

14       22.     The defendants that Plaintiff designates as Does 1 through 100 are fictitious

15  defendants. To Defendant's knowledge, they have not been served and therefore do not have to join

16  in the Notice of Removal. (*See Salveson v. Western States Bankcard Assoc.* 731 F.2d 1432, 1429

17  (9th Cir. 1984) ("Our circuit rule is that a party not served need not be joined; the defendants

18  summonsed can remove by themselves."), superseded by statute on unrelated grounds as noted in

19  *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 n. 3 (9th Cir. 1988).)

20       **WHEREFORE,** Defendant respectfully prays that this Notice of Removal be deemed good

21  and sufficient, and that Case No. CGC-22-600391 be removed from the Superior Court of California,

22  County of San Francisco, to the docket of this Honorable Court.

23  DATED:  August 15, 2022               LEWIS BRISBOIS BISGAARD & SMITH LLP

24                          By:  */s/ Vincent R. Fisher*

25                              Joseph R. Lordan

                            Vincent R. Fisher

26                              Bo Kyung Kim

                            Attorneys for Defendant DECKER ELECTRIC CO.,

27                              INC., ELECTRICAL CONTRACTORS

28



**EXHIBIT A**

1    DOUGLAS HAN (SBN 232858)
2    SHUNT TATAVOS-GHARAJEH (SBN 272164)
     JOHN M. BICKFORD (SBN 336074)
3    **JUSTICE LAW CORPORATION**
     751 N. Fair Oaks Avenue, Suite 101
4    Pasadena, California 91103
     Telephone: (818) 230-7502
5    Facsimile:  (818) 230-7259
     *Attorneys for* Plaintiff
6

ELECTRONICALLY

**F I L E D**

*Superior Court of California,*
*County of San Francisco*

**06/24/2022**
**Clerk of the Court**
BY: JEFFREY FLORES
Deputy Clerk

7
8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9                        **FOR THE COUNTY OF SAN FRANCISCO**

10   JUAN CHAVEZ, individually, and on behalf      Case No.:          **CGC-22-600391**
     of aggrieved employees pursuant to the
11   Private Attorneys General Act ("PAGA");       **COMPLAINT FOR CIVIL PENALTIES**
                                                   **FOR VIOLATION OF LABOR CODE §**
12                Plaintiff,                       **2698** *et seq.* **(PRIVATE ATTORNEYS**
                                                   **GENERAL ACT OF 2004)**
13          v.

14   DECKER ELECTRIC CO., INC.,
15   ELECTRICAL CONTRACTORS, a
     California corporation; and DOES 1 through
16   100, inclusive;

17                Defendants.
18
19
20
21
22
23
24
25
26
27
28

Plaintiff JUAN CHAVEZ ("Plaintiff") hereby submit this Complaint against Defendant DECKER ELECTRIC CO., INC., ELECTRICAL CONTRACTORS Services, and DOES 1 through 100, inclusive; (collectively, "Defendants"), on behalf of themselves and other current and former aggrieved employees of Defendants for penalties as follows:

## INTRODUCTION

1.      This representative action brought pursuant to Labor Code sections 2698 et seq. (the Private Attorneys General Act of 2004 ("PAGA")) for Defendants' violations of Labor Code sections 201, 202, 203, 204, 210, 218.5, 221, 226, subdivision (a), 226.3, 226.7, 246, 510, 512 subdivision (a), 558, 1174 subdivision (d), 1194, 1197, 1197.1, 1198, 2800 and 2802.

2.      This Complaint challenges Defendants' systemic illegal employment practices resulting in violations of the stated provisions of the Labor Code against the identified group of employees.

3.      Plaintiff is informed and believe and thereon allege that Defendants jointly and severally acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in (1) failing to pay all meal period wages and rest break wages, (2) failing to properly calculate and pay all minimum and overtime wages, (3) failing to provide accurate wage statements, (4) failing to pay all wages due and owing during employment and upon termination of employment, and (5) failing to reimburse all necessary business expenses.

## JURISDICTION AND VENUE

4.      This action is brought pursuant to PAGA.  The civil penalties sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

5.      This Court has jurisdiction over this action pursuant to California Constitution, Article VI, Section 10, which grants the Superior Court original jurisdiction in all causes except those given by statute to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

/ / /

COMPLAINT FOR CIVIL PENALTIES FOR VIOLATION OF LABOR CODE § 2698 ET SEQ. (PRIVATE ATTORNEYS GENERAL ACT OF 2004)

6.     This Court has jurisdiction over the violations of PAGA and Labor Code sections 201, 202, 203, 204, 210, 218.5, 221, 226 subdivision (a), 226.3, 226.7, 246, 510, 512 subdivision (a), 558, 1174 subdivision (d), 1194, 1197, 1197.1, 1198, 2800 and 2802.

7.     This Court has jurisdiction over all Defendants because, upon information and belief, each party has sufficient minimum contacts in California, or otherwise intentionally avails itself of California law so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

8.     Venue is proper in this Court because, upon information and belief, the named Defendants transact business and/or have offices in this county, and the acts and omissions alleged herein took place in this county. Moreover, this action is brought on behalf of the State of California as a private attorney general and has jurisdiction in this venue.

**PARTIES**

9.     Plaintiff is an individual residing in the State of California Plaintiff was employed by Defendants within the statutory time period.

10.     Plaintiff is informed and believes and thereon allege that Defendants are licensed to do business and actually doing business in the State of California, including the County of San Francisco.

11.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of Defendants sued herein as DOES 1 through 100, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend the complaint when the true names and capacities are known.  Plaintiff is informed and believe and thereon allege that each of Defendants designated as a DOE was responsible in some way for the matters alleged herein and proximately caused Plaintiff and other current and former aggrieved employees to be subject to the illegal employment practices, wrongs and injuries complained of herein.

/ / /

/ / /

/ / /

12.   At all times herein mentioned, Defendants, and each of them, were agents, partners, joint venturers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, representatives, servants, employees, successors, co-conspirators and assigns, and that all acts or omissions alleged herein were duly committed with ratification, knowledge, permission, encouragement, authorization and consent of each Defendant designated herein.

13.   As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to PAGA and Labor Code sections 201, 202, 203, 204, 210, 218.5, 221, 226 subdivision (a), 226.3, 226.7, 246, 510, 512 subdivision (a), 558, 1174 subdivision (d), 1194, 1197, 1197.1, 1198, 2800 and 2802.

## CAUSE OF ACTION

### VIOLATION OF PAGA

### (AGAINST ALL DEFENDANTS BY PLAINTIFF)

14.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 13 as though fully set forth herein.

15.   PAGA expressly establishes that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

16.   On March 30, 2022, Plaintiff provided written notice to the LWDA and Defendants of the specific provisions of the Labor Code she contends were violated, and the theories supporting her contentions.   Attached hereto as **Exhibit A** and incorporated by reference is a copy of Plaintiff's written notice to the LWDA.   Plaintiff believes that on or about June 3, 2022, the sixty-five (65) day notice period expired, and the LWDA did not take any action to investigate or prosecute this matter.   Therefore, Plaintiff has exhausted his administrative remedies.

17.     Plaintiff and the other hourly-paid or non-exempt employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants who worked for Defendants at any time during the period from December 7, 2020 to the present, and one or more of the alleged violations was committed against them.

**Failure to Pay Minimum and Overtime Wages**

18.     At all times relevant herein, Defendants were required to compensate their non-exempt employees minimum wages for all hours worked and overtime wages for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a workweek, pursuant to the mandate of Labor Code sections 510, 1194, 1197, and 1198.

19.     As a pattern and practice, Defendants failed to compensate Plaintiff and other aggrieved current and former employees for all hours worked, resulting in a failure to pay all minimum wages and overtime wages, where applicable.

**Failure to Pay Sick Pay**

20.     Labor Code section 246 requires that employers provide employees with paid sick leave of not less than one hour per every 30 hours worked.  California Labor Code section 246(l) also requires that paid sick leave be paid at a non-exempt employee's regular rate of pay for the workweek in which the employee uses paid sick time or at a rate calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.

21.     During the relevant time period, Defendant failed to pay Plaintiff and other aggrieved employees with paid sick leave that complied with California Labor Code section 246, by, for example, failing to pay paid sick leave at non-exempt employee's regular rate of pay or at a rate calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.

/ / /

/ / /

COMPLAINT FOR CIVIL PENALTIES FOR VIOLATION OF LABOR CODE § 2698 ET SEQ. (PRIVATE ATTORNEYS GENERAL ACT OF 2004)

**Failure to Provide Meal Periods and Rest Breaks**

22.     In accordance with the mandates of Labor Code sections 226.7 and 512, Defendants were required to authorize and permit their non-exempt employees to take a 10-minute rest break for every four (4) hours worked or major fraction thereof, and were further required to provide their non-exempt employees with a 30-minute meal period for every five (5) hours worked.

23.     As a pattern and practice, Defendants failed to provide Plaintiff and other aggrieved current and former employees with legally-mandated meal periods and rest breaks and failed to pay proper compensation for this failure.

**Failure to Timely Pay Wages During Employment**

24.     At all times relevant herein, Defendants were required to pay their employees within a specified time period pursuant to the mandate of Labor Code section 204.

25.     As a pattern and practice, Defendants failed to pay Plaintiff and other aggrieved current and former employees all wages due and owing them within the required time period.

**Failure to Timely Pay Wages Upon Termination**

26.     At all times relevant herein, Defendants were required to pay their employees all wages owed in a timely fashion at the end of employment pursuant to California Labor Code sections 201 to 204.

27.     As a result of Defendants' Labor Code violations alleged above, Defendants failed to pay Plaintiff and the other aggrieved former employees their final wages pursuant to Labor Code sections 201 to 204 and accordingly owe waiting time penalties pursuant to Labor Code section 203.

**Failure to Provide Complete and Accurate Wage Statements**

28.     At all times relevant herein, Defendants were required to keep *accurate* records regarding their California employees pursuant to the mandate of Labor Code sections 226 and 1174.

/ / /

/ / /

COMPLAINT FOR CIVIL PENALTIES FOR VIOLATION OF LABOR CODE § 2698 ET SEQ. (PRIVATE ATTORNEYS GENERAL ACT OF 2004)

29.     As a result of Defendants' various Labor Code violations, Defendants failed to keep accurate records regarding Plaintiff and other aggrieved current and former employees. For example, Defendants failed in their affirmative obligation to keep accurate records regarding Plaintiff and other aggrieved current and former employees' gross wages earned, total hours worked, all deductions, net wages earned, and all applicable hourly rates and the number of hours worked at each hourly rate.

**Failure to Provide Paid Sick Days**

30.     At all times relevant herein, Defendants were required to provide their employees with paid sick days pursuant to Labor Code section 246.

31.     As a policy and practice, Defendants failed to provide Plaintiff and other aggrieved current and former employees with paid sick days pursuant to Labor Code section 246.

**Failure to Reimburse Business Expenses**

32.     At all times relevant herein, Defendants were required to reimburse their employees for any and all necessary expenditures or losses incurred by the employees in direct consequences of the discharge or their duties pursuant to the mandate of Labor Code sections 2800 and 2802.

33.     As a pattern and practice, Defendants failed to pay Plaintiff and other aggrieved current and former employees all business expenses incurred and owing them within the required time period.

**Penalties**

34.     Pursuant to California Labor Code section 2699, Plaintiff, as individuals, and on behalf of other current and former aggrieved employees, request and are entitled to recover from Defendants, and each of them, civil penalties, interest, attorneys' fees and costs pursuant, including but not limited to:

/ / /

/ / /

/ / /

COMPLAINT FOR CIVIL PENALTIES FOR VIOLATION OF LABOR CODE § 2698 ET SEQ. (PRIVATE ATTORNEYS GENERAL ACT OF 2004)

1      35.    Penalties under California Labor Code section 2699 in the amount of a hundred

2   dollars ($100) for each aggrieved employee per pay period for the initial violation, and two

3   hundred dollars ($200) for each aggrieved employee per pay period for each subsequent

4   violation;

5      36.    Penalties under California Code of Regulations Title 8 section 11040 in the

6   amount of fifty dollars ($50) for each aggrieved employee per pay period for the initial violation,

7   and one hundred dollars ($100) for each aggrieved employee per pay period for each subsequent

8   violation;

9      37.    Penalties under California Labor Code section 210 in addition to, and entirely

10  independent and apart from, any other penalty provided in the California Labor Code in the

11  amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial

12  violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each

13  subsequent violation;

14     38.    Penalties under Labor Code section 1197.1 in the amount of a hundred dollars

15  ($100) for each aggrieved employee per pay period for the initial violation, and two hundred

16  fifty dollars ($250) for each aggrieved employee per pay period for each subsequent violation;

17     39.    Any and all additional penalties as provided by the Labor Code and/or other

18  statutes; and

19     40.    Attorneys' fees and costs pursuant to Labor Code sections 210, 1194, and 2699,

20  and any other applicable statute.

21                        **PRAYER FOR RELIEF**

22          WHEREFORE, Plaintiff, on his own behalf as individuals and as representatives

23  of other current and former aggrieved employees pursuant to PAGA, pray for judgment as

24  follows:

25  / / /

26  / / /

27  / / /

28

1.     Upon the Cause of Action, for civil penalties pursuant to statute as set forth in Labor Code sections 2698 et seq., for Defendants' violations of Labor Code sections 201, 202, 203, 204, 210, 218.5, 221, 226 subdivision (a), 226.3, 226.7, 246, 510, 512 subdivision (a), 558, 117, subdivision (d), 1194, 1197, 1197.1, 1198, 2800 and 2802.

2.     Upon the Cause of Action, for costs and attorneys' fees pursuant to Labor Code sections 210, 218.5, 1194, and 2699, and any other applicable statute; and

3.     For such other and further relief the court may deem just and proper.

Dated: June 24, 2022                       **JUSTICE LAW CORPORATION**

By: _____
                Douglas Han
                Shunt Tatavos-Gharajeh
                John Bickford
                *Attorneys* for Plaintiff

COMPLAINT FOR CIVIL PENALTIES FOR VIOLATION OF LABOR CODE § 2698 ET SEQ. (PRIVATE ATTORNEYS GENERAL ACT OF 2004)

# EXHIBIT A



JUSTICE
LAW
CORPORATION

751 N. Fair Oaks Ave., Ste. 101, Pasadena, CA 91103    T: (818) 230-7502    F: (818) 230-7259    www.JusticeLawCorp.com

March 30, 2022

**BY U.S. EMAIL/ELECTRONIC SUBMISSION**
PAGAfilings@dir.ca.gov
State of California
Labor & Workforce Development Agency
800 Capitol Mall, MIC-55
Sacramento, California 95814

Re:    **DECKER ELECTRIC CO., INC., ELECTRICAL CONTRACTORS**

Dear Representative:

We have been retained to represent Juan Chavez against Decker Electric Co., Inc., Electrical Contractors (including any and all affiliates, managers, members, subsidiaries, and parents, and their shareholders, officers, directors, and employees), any individual, owner, officer and managing agent, DOES 1-10 as an "Employer" or person acting on behalf of an "Employer" pursuant to California Labor Code section 558.1, and DOES 11-20[1] for violations of California wage-and-hour laws (hereinafter collectively referred to as "DECI").

Mr. Chavez is pursuing his California Labor Code section 2698, *et seq.*, the Private Attorneys General Act of 2004 ("PAGA") claim on a representative basis. Therefore, Mr. Chavez may seek penalties and wages for violations of the Labor Code on behalf of the State of California and aggrieved employees, which are recoverable under PAGA. This letter is sent in compliance with the reporting requirements of California Labor Code section 2699.3.

Decker Electric Co., Inc., Electrical Contractors is a California corporation located at 1282 Folsom Street, San Francisco, California 94103.

DECI employs Mr. Chavez as an hourly-paid non-exempt Replenishment Associate within one year (until in or around January of 2022) of the data of this letter in the State of California. DECI directly controlled the wages, hours and/or working conditions of Mr. Chavez and other aggrieved employees' employment, including direction, retention, scheduling, supervision, and termination.

The "aggrieved employees" that Mr. Chavez may seek penalties on behalf of are all current and former hourly-paid or non-exempt employees (whether hired directly or through a staffing agency) of DECI within the State of California.

---

[1] Mr. Chavez does not know the true names or capacities, whether individual, partner or corporate, of DOES 1 through 20, inclusive, and for that reason, said DOES are designated under such fictitious names. Mr. Chavez will amend this notice when the true names and capacities are known. Mr. Chavez is informed and believes that each DOE was responsible in some way for the matters alleged herein and proximately caused Mr. Chavez and other current and former aggrieved employees to be subject to the illegal employment practices, wrongs and injuries complained of herein.

LWDA
March 30, 2022
Page 2 of 7

DECI failed to properly pay its hourly-paid or non-exempt employees for all hours worked, failed to properly provide or compensate minimum and overtime wages and for meal and rest breaks, failed to issue compliant wage statements and failed to reimburse for all necessary business-related costs and expenses, thus resulting in other Labor Code violations as stated below.

Pursuant to *Huff v. Securitas Security Services*, 23 Cal. App. 5th 745, 751 (2018), an employee who brings a representative action and was affected by at least one of the violations alleged in the complaint has standing to pursue penalties on behalf of the state not only for that violation, but for violations affecting other employees as well. Accordingly, Mr. Chavez has standing to pursue penalties on behalf of the state for violations affecting all the aggrieved employees at DECI, regardless of their classification, job title, location, or whether they were hired directly or through a staffing agency.

DECI has violated and/or continues to violate, among other provisions of the California Labor Code and applicable wage law, California Labor Code sections 201, 202, 203, 204, 210, 218.5, 221, 226(a), 226.3, 226.7, 246, 432.5, 510, 512(a), 551, 552, 558, 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802, and the IWC Wage Orders.

California Labor Code sections 510, 1194, and 1198 require employers to pay at least minimum wage for all hours worked, pay time-and-a-half, or double-time overtime wages, and make it unlawful to work employees for hours longer than eight hours in one day and/or over forty hours in one week without paying the premium overtime rates. During the relevant time period, Mr. Chavez and other aggrieved employees routinely worked in excess of 8 hours in a day and 40 hours in a week. DECI failed to compensate aggrieved employees for all hours worked and performing off-the-clock work, including pre- and post-shift, and during meal breaks. DECI also failed to include non-discretionary bonuses and incentives in Mr. Chavez and other aggrieved employees' regular rate of pay for purposes of overtime compensation. Therefore, Mr. Chavez and other aggrieved employees were entitled to receive certain wages for overtime compensation, but they were not paid for all overtime hours worked.

/ / /

/ / /

/ / /

LWDA
March 30, 2022
Page 3 of 7

     California Labor Code section 246 requires that employers provide employees with paid sick leave of not less than one hour per every 30 hours worked. California Labor Code section 246(l) also requires that paid sick leave be paid at a non-exempt employee's regular rate of pay for the workweek in which the employee uses paid sick time or at a rate calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment. During the relevant time period, DECI failed to pay Mr. Chavez and other aggrieved employees with paid sick leave that complied with California Labor Code section 246, by, for example, failing to pay paid sick leave at non-exempt employee's regular rate of pay or at a rate calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.

     California Labor Code sections 226.7 and 512 require employers to pay an employee one additional hour of pay at the employee's regular rate for each workday that a meal or rest break is not provided. During the relevant time period, DECI routinely required Mr. Chavez and other aggrieved employees to work through, interrupt, cut short, and/or delay their meal and rest breaks to comply with DECI's policies and expectations. DECI failed to provide coverage to Mr. Chavez and other aggrieved employees so they may be relieved of all work duties and take legally mandated meal and rest breaks. Lastly, DECI also failed to authorize and permit Mr. Chavez and other aggrieved employees to take the requisite number of meal and rest breaks, including second meal breaks and third rest breaks, when working shifts exceeding 10 hours in length. Despite these facts, DECI failed to compensate Mr. Chavez and other aggrieved employees all the premium wages they were owed, including failing to pay premium wages at Mr. Chavez and other aggrieved employees' regular rate of pay.

     California Labor Code section 551 states "[e]very person employed in any occupation of labor is entitled to one day's rest therefrom in seven."  Section 552 further states "[n]o employer of labor shall cause his employees to work more than six days in seven." DECI required Mr. Chavez and other aggrieved employees to work seven days in a row or more without one day's rest.

     California Labor Code section 432.5 states "[n]o employer, or agent, manager, superintendent, or officer thereof, shall require any employee or applicant for employment to agree, in writing, to any term or condition which is known by such employer, or agent, manager, superintendent, or officer thereof to be prohibited by law." DECI required aggrieved employees to execute arbitration agreements as a condition of employment despite knowing that such agreements are prohibited under Labor Code section 432.6.

/ / /

/ / /

LWDA
March 30, 2022
Page 4 of 7

California Labor Code section 201 requires that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. California Labor Code section 202 requires that if an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. California Labor Code section 203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with Labor Code sections 201 201.3, 201.5, 201.6, 201.8, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. During the relevant time period, DECI failed to pay Mr. Chavez and other aggrieved employees all wages, including for uncompensated off-the-clock work, unpaid overtime premiums and premium wages for failing to provide legally mandated meal and rest breaks, due to them within any time period specified by California Labor Code sections 201 and 203 and therefore is liable under California Labor Code section 203.

California Labor Code section 204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.  California Labor Code section 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.  During the relevant time period, DECI failed to pay Mr. Chavez and other aggrieved employees all wages due to them, including for uncompensated off-the-clock work, unpaid overtime premiums and premium wages for failing to provide legally mandated meal and rest breaks within any time period specified by California Labor Code section 204.

/ / /

/ / /

/ / /

LWDA
March 30, 2022
Page 5 of 7

California Labor Code section 226 requires employers to make, keep and provide complete and accurate itemized wage statements to their employees.  During the relevant time period, DECI did not provide Mr. Chavez and other aggrieved employees with complete and accurate itemized wage statements. The wage statements they received from DECI were in violation of California Labor Code section 226(a). The violations include, but are not limited to, the failure to include (1) gross wages earned by Mr. Chavez and other aggrieved employees, (2) total hours worked by Mr. Chavez and other aggrieved employees, (3) the number of piece-rate units earned and any applicable piece rate by Mr. Chavez and other aggrieved employees (4) all deductions for Mr. Chavez and other aggrieved employees, (5) net wages earned by Mr. Chavez and other aggrieved employees, (6) the inclusive dates of the period for which Mr. Chavez and other aggrieved employees are paid, (7) the name of the aggrieved employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by Mr. Chavez and other aggrieved employees.

California Labor Code section 558 allows recovery of penalties. (a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee. Mr. Chavez and other aggrieved employees have been denied their wages and premium wages and, therefore, are entitled to penalties.

California Labor Code sections 1174(d) requires an employer to keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept with rules established for this purpose by the commission, but in any case, shall be kept on file for not less than two years. During the relevant time period, DECI failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid, to Mr. Chavez and other aggrieved employees.

/ / /

/ / /

LWDA
March 30, 2022
Page 6 of 7

California Labor Code sections 1194, 1197 and 1197.1 provide the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful. During the relevant time period, DECI did not provide aggrieved employees with the minimum wages to which they were entitled despite constructive and actual knowledge of off-the-clock work, including pre- and post-shift, and during meal breaks.

California Labor Code sections 2800 and 2802 require an employer to reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.  During their employment, aggrieved employees incurred necessary business-related expenses and costs that were not fully reimbursed by DECI, including for purchasing tools, equipment, and uniforms they were required to use and wear while working.

We believe that Mr. Chavez and other current and former California-based hourly-paid or non-exempt employees are entitled to penalties as allowed under California Labor Code section 2698, *et seq.* for violations of Labor Code sections 201, 202, 203, 204, 210, 218.5, 221, 226(a), 226.3, 226.7, 246, 432.5, 510, 512(a), 551, 552, 558, 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802, and the IWC Wage Orders.

California Labor Code section 2699.3 requires that a claimant send a certified letter to the employer in questions and the California Labor & Workforce Development Agency setting forth the claims, and the basis for the claims, thereby giving the California Labor & Workforce Development Agency an opportunity to investigate the claims and/or take any action it deems appropriate.

The purpose of this letter is to satisfy the requirement created by California Labor code section 2699 prior to seeking penalties allowed by law for the aforementioned statutory violations.  We look forward to determining whether California Labor & Workforce Development Agency intends to take any action in reference to these claims.  We kindly request that you respond to this notice according to the time frame contemplated by the California Labor Code.

Mr. Chavez will seek these penalties on his own behalf and on behalf of other similarly situated California-based hourly-paid or non-exempt employees of DECI within one year of the date of this letter, as allowed by law.

/ / /

/ / /

/ / /

LWDA
March 30, 2022
Page 7 of 7

     If you have any questions or require additional information, please do not hesitate to contact us.  Thank you for your attention to this matter and the noble cause you advance each and every day.

               Very truly yours,

               **JUSTICE LAW CORPORATION**

               Douglas Han, Esq.

**CC: (By Certified U.S. Mail Only):**

David Ben Chad
c/o Decker Electric Co., Inc., Electrical Contractors
147 Beacon Street
South San Francisco, California 94080
*Agent for Service of Process for* Decker Electric Co., Inc., Electrical Contractors

**PROOF OF SERVICE OF SUMMONS**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Douglas Han, 232858<br>Justice Law Corporation<br>751 N. Fair Oaks, Suite 101<br>Pasadena , CA 91103<br>TELEPHONE NO.: (818) 230-7502<br>ATTORNEY FOR *(Name):* Plaintiff | **ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**07/06/2022**<br>**Clerk of the Court**<br>**BY: ERNALYN BURA**<br>**Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

Superior Court of California, San Francisco County
400 McAllister Street
San Francisco, CA 94102

| PLAINTIFF/PETITIONER: Juan Chavez, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Decker Electric Co.. Inc.. et al. | CGC-22-600391 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>Decker adv Chavez |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Complaint with Exhibits; Civil Case Cover Sheet; Summons

3. a. Party served: Decker Electric Co., Inc., Electrical Contractors, a California corporation

   b. Person Served: David Ben Chad - Person Authorized to Accept Service of Process

4. Address where the party was served: 147 Beacon St
   South San Francisco, CA 94080

5. I served the party
   b. **by substituted service.** On (date): 07/05/2022     at (time): 2:34PM     I left the documents listed in item 2 with or
   in the presence of: Myra Garces - Person In Charge Of Office
      (1) (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the
      person to be served. I informed him or her of the general nature of the papers.
      (4) A declaration of mailing is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   d. on behalf of:
   Decker Electric Co., Inc., Electrical Contractors, a California corporation

   under: CCP 416.10 (corporation)

7. **Person who served papers**
   a. Name:          Edatil P. Carmona
   b. Address:       One Legal - P-000618-Sonoma
                     1400 North McDowell Blvd, Ste 300
                     Petaluma, CA 94954
   c. Telephone number: 415-491-0606
   d. The fee for service was: $   105.00
   e. I am:
      (3) registered California process server.
         (i)  Employee or independent contractor.
         (ii) Registration No.: 521
         (iii) County  San Mateo

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 07/06/2022

Edatil P. Carmona
(NAME OF PERSON WHO SERVED PAPERS)                                    (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br><br>OL# 18446329 |
|---|---|---|

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Douglas Han, 232858<br>Justice Law Corporation<br>751 N. Fair Oaks, Suite 101<br>Pasadena , CA 91103 | (818) 230-7502 | |

ATTORNEY FOR *(Name)*: Plaintiff

Ref. No. or File No.

Decker adv Chavez

Insert name of court, judicial district or branch court, if any:

San Francisco-McAllister
400 McAllister Street
San Francisco, CA 94102

PLAINTIFF:

Juan Chavez, et al.

DEFENDANT:

Decker Electric Co., Inc., et al.

| **PROOF OF SERVICE BY MAIL** | | | | CASE NUMBER:<br>CGC-22-600391 |
|---|---|---|---|---|

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 1400 N. McDowell Blvd, Petaluma, CA 94954.

On 07/06/2022, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

Complaint with Exhibits; Civil Case Cover Sheet; Summons

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Petaluma, California, addressed as follows:

Decker Electric Co., Inc., Electrical Contractors, a California corporation

David Ben Chad

147 Beacon St

South San Francisco, CA 94080

I am readily familiar with the firm's practice for collection and processing of documents for mailing.  Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

Fee for Service: $ 105.00

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 07/06/2022 at Petaluma, California.

One Legal - P-000618-Sonoma

1400 North McDowell Blvd, Ste 300

Petaluma, CA 94954



Melissa Berry

OL# 18446329

1

2

**CERTIFICATE OF SERVICE**
***Juan Chavez v. Decker Electric Co., Inc., et al.***
UCSD-ND, San Francisco Division Case No.

3    STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

4    At the time of service, I was over 18 years of age and not a party to this action. My business
address is 333 Bush Street, Suite 1100, San Francisco, CA 94104-2872. I am employed in the office
5    of a member of the bar of this Court at whose direction the service was made

6    On August 15, 2022, I served a true copy of the following document:

7    **DEFENDANT DECKER ELECTRIC CO., INC., ELECTRONIC CONTRACTORS' NOTICE OF
REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1441(a), 1446, and 1367(a)**

8

9    I served the document on the following persons at the following address (including a fax
number and email addresses, if applicable):

10

11

12

13

| Douglas Han<br>Shunt Tatavos-Gharajeh<br>John M. Bickford<br>Justice Law Corporation<br>751 N. Fair Oaks Avenue, Suite 101<br>Pasadena, CA  91103<br>***Attorneys for Plaintiff Juan Chavez*** | Tel: 818.230.7502<br>Fax: 818.230.7259<br>Email:   dhan@justicelawcorp.com<br>            statavos@justicelawcorp.com<br>            jbickford@justicelawcorp.com |
|---|---|

14

15    The document was served by the following means:

16    ☒ **(BY COURT'S CM/ECF SYSTEM)** The document was served by CM/ECF (excluding those
not registered for CM/ECF who were served by mail or email, if applicable).

17

18    ☒ **(BY EMAIL OR ELECTRONIC TRANSMISSION)**  Based on a court order or an agreement
of the parties to accept service by email or electronic transmission, I caused the document to be sent
from email address mike.lewis@lewisbrisbois.com to the persons at the email addresses listed
19    above. I did not receive, within a reasonable time after the transmission, any electronic message or
other indication that the transmission was unsuccessful.

20

21    I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct.

22    Dated:  August 15, 2022                              */s/ Mike D. Lewis*
                                                                     Mike D. Lewis
23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW